### Jury Demand

17.    The Plaintiff demands a jury trial and tenders the appropriate fee.

### Request for a Record

18.    Pursuant to Texas Government Code section 52.046, the Plaintiff requests

that an official court reporter attend and make a full record of all hearings in this case.

### Request for Disclosure

19.    Pursuant to Rule 194, the Defendants are requested to disclose, within 50

days after service of this request, the information or material described in Rule 194.2.

### Prayer

20.    For these reasons, the Plaintiff asks that the Defendants be cited to appear

and answer, and that the Plaintiff have judgment for damages within the jurisdictional

limits of the court and against the Defendants, jointly and severally, as legally applicable,

for:

    a)    actual damages;

    b)    Chapter 12 of the Civil Practice and Remedies Code statutory

          damages (if greater than actual damages);

    c)    exemplary damages;

    d)    pre-judgment and post-judgment interest at the highest legal rate;

    e)    legally-available reasonable and necessary attorneys' fees;

    f)    costs; and

g)    all other relief, general and special, legal and equitable, to which

the Plaintiff is entitled.

Respectfully submitted,

Law Offices of Dean Malone, P.C.

By: _____
        T. Dean Malone

T. Dean Malone
Texas State Bar No. 24003265
Michael T. O'Connor
Texas State Bar No. 24032922
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone:    (214) 670-9989
Telefax:        (214) 670-9904

Attorneys for the Plaintiff



FILED
08 JAN 24  PM 3: 43

GARY FITZSIMMONS
DISTRICT CLERK.
DALLAS CO. TEXAS
DEPUTY

J I M  H A M L I N
D A L L A S  C O U N T Y  D I S T R I C T  C L E R K

CAUSE NO. DC08-840

| | | |
|---|---|---|
| Ann Mason | * | IN THE DISTRICT COURT |
| **PLAINTIFF** | * | |
| | * | |
| **VS** | * | J-191st JUDICIAL DISTRICT |
| Midland Credit Managmeent, Inc. and Hosto and Buchan, P.L.L.C. | * | |
| **DEFENDANT** | * | DALLAS COUNTY, TEXAS |

<u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY:

xx <u>PLAINTIFF</u>    /    <u>DEFENDANT</u>

FEE PAID:  $ 30.00

RECORDED IN VOLUME _____ 124 _____    PAGE _____ 205 _____

CAUSE NO. 08-00840-J

FILED

2008 MAY 29 PM 3: 48

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS

_____ DEPUTY

| | | |
|---|---|---|
| GENARO ABURTO, | § | IN THE DISTRICT COURT OF |
| HENRY ALGERMISSEN, | § | |
| LETICIA ALVAREZ, | § | |
| ROBERT BARDWELL, | § | |
| GENE BARNARD, | § | |
| MARGARET BEALS, | § | |
| WILLIAM BELLEW, | § | |
| ARTHUR BETTIES, JR. | § | |
| BARBARA BOOKER, | § | |
| WILLIAM BOULDIN, | § | |
| RICK BOYSEN, | § | |
| WILLIE BROADEN, JR., | § | |
| GWENDOLYN Y. CAESAR, | § | |
| BOB W. CARTER, | § | |
| JAVIER CERDA, | § | |
| CARLA CHAPMAN, | § | |
| ANNIE CLARK, | § | |
| LESA COLEMAN, | § | |
| LEO COREY, | § | |
| VIVIAN CUMMINGS, | § | |
| JOCELIN DORSAINT, | § | |
| ROXIE EGLIN, | § | |
| COURAGE EHIMWONZEE, | § | DALLAS COUNTY, TEXAS |
| MICHELLE FLING, | § | |
| CHAROLETTE FORD, | § | |
| EDWARD GARRIS, | § | |
| STANLEY J. GLYNN, | § | |
| GEORGE HARDISTY, | § | |
| LAURA HARDY, | § | |
| ROBERT HEDRICK, | § | |
| GEORGETTE HODGE, | § | |
| DIANE HYDE, | § | |
| MARK JOHANN, | § | |
| DEBRA JOHNSON, | § | |
| CARLIUS JOHNSON, | § | |
| JULLIEN JOLLY, | § | |
| RETHA KING, | § | |
| LOYD LANGLEY, | § | |
| JORGE L. LeBRON, | § | |
| ERIC LINDSEY, | § | |
| CARL MANNING, | § | |
| ANN MASON, | § | |
| DERRILL METHVIN, | § | |
| DELORES MOIN, | § | |
| SHERRI MORALES, | § | 191ST JUDICIAL DISTRICT |

MERRY MORSE,                                    §
DANIEL MUTH,                                    §
SEAN J. NUNLEY,                                 §
GAY L. OBERMANN,                               §
JUDITH ODOM,                                    §
VIRGINIA PENROSE,                              §
ONIE H. PHILABAUN,                             §
SALATIEL PIMENTIEL,                            §
FRANK L. POWELL,                               §
MARSHALL RICHARDSON,                           §
JULIAN RODRIGUEZ,                              §
BARTOLA SANCHEZ,                               §
ROY SANDERS,                                    §
VIRGINIA SANFORD,                              §
RACHEL SCHLOTT,                                §
KEITH SEDAM,                                    §
SHIRLEY SEDAM,                                  §
RONNIE SHEFFIELD,                              §
CHARLES SMITH,                                  §
MATTIE STEPHENS,                               §
KENNETH STERLING,                              §
BRENDA STOTTS,                                  §
LAKESHIA TATE,                                  §
LLOYD THORNTON,                                §
JEAN TIGNER,                                    §
HAU TRAN,                                       §
JANIE TRAVIESO,                                §
ELLEN WALLING,                                  §
BEVERLY WILLIAMS,                              §
LAURA WILLIAMS,                                §
PATRICIA WILLIAMS,                             §
PRENNIS WILLIAMS, and                          §
BOBBY WYATT, SR.,                              §
                                                §
        Plaintiffs,                            §
                                                §
v.                                              §
                                                §
MIDLAND CREDIT MANAGEMENT,                     §
INC.; HOSTO AND BUCHAN, P.L.L.C.;              §
WOLPOFF & ABRAMSON, L.L.P.; JAY                §
A. TAYLOR, P.C.; and HENRY                     §
MCDONALD & JAMES, P.C.,                        §
                                                §

        Defendants.

### FIRST AMENDED PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

The Plaintiffs file this petition and for cause of action will show the following:

### Discovery Control Plan

1.      The Plaintiffs intend that discovery in this case is to be conducted under Level 3, as described by Texas Rule of Civil Procedure 190.

### Parties

2.      The Plaintiffs are natural persons residing in Texas.

3.      Defendant Midland Credit Management, Inc. ("Midland Credit") is, upon information and belief, a Kansas corporation.  Upon information and belief, Midland Credit has done business in and/or directed acts toward Texas sufficient that Texas has general jurisdiction, and/or in the alternative specific jurisdiction, over Midland Credit. Midland Credit has done business in the state of Texas, in accordance with the meaning of such term pursuant to Section 17.042 of the Texas Civil Practice and Remedies Code, because it has, upon information and belief, committed a tort against the Plaintiffs in whole or in part in this state.  Despite having engaged in business in Texas, Midland Credit has not designated nor maintained a registered agent for service of process. Further, upon information and belief, Midland Credit does not maintain a regular place of business in Texas.  Because this suit arises out of Midland Credit's business done in this state, and Midland Credit is a party to this suit, the Texas Secretary of State shall be an agent for service of process upon Midland Credit in accordance with Section 17.044 of the Texas Civil Practice and Remedies Code.  Therefore, in accordance with Section

17.045 of the Texas Civil Practice and Remedies Code, the Texas Secretary of State shall be Midland Credit's agent for service of process and shall be served as such in this lawsuit. Service upon the Texas Secretary of State of duplicate copies of this petition and a citation directed to Midland Credit shall be made personally or by United States mail, certified, return receipt requested, to the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701. The Texas Secretary of State shall immediately cause one of the copies thereof of both this petition and the citation to be forwarded by United States mail, certified, return receipt requested to, upon information and belief Midland Credit's home office at 8875 Aero Drive, Suite 200, San Diego, California 92123. Service upon the Secretary of State shall be returnable in not less than thirty (30) days. Midland Credit acted at all relevant times through its agents, attorneys, and/or employees.

1-SOS

4.    Defendant Hosto and Buchan, P.L.L.C. ("Hosto") is, upon information and belief, an Arkansas professional limited liability company. Hosto may be served with process by serving its registered agent for service of process, CT Corporation System, at its registered office, 350 N. St. Paul Street, Dallas, Texas 75201. Hosto acted at all relevant times through its agents, attorneys, and/or employees.

1-CIT

5.    Defendant Wolpoff & Abramson, L.L.P. ("Wolpoff") is, upon information and belief, a District of Columbia limited liability partnership. Wolpoff may be served with process by serving its registered agent for service of process, CT Corporation System, at its registered office, 350 N. St. Paul Street, Dallas, Texas 75201. Wolpoff acted at all relevant times through its agents, attorneys, and/or employees.

1-CIT

6.    Defendant Jay A. Taylor P.C. ("Taylor") is, upon information and belief, a Texas professional corporation. Taylor may be served with process by serving its

registered agent for service of process, Jay A. Taylor, at its registered office, 24 Greenway Plaza, Suite 1409, Houston, Texas 77046, or wherever Jay A. Taylor may be found. Taylor acted at all relevant times through its agents, attorneys, and/or employees.

1-CIT

7.    Defendant Henry McDonald & James ("Henry") is, upon information and belief, a Texas professional corporation. Henry may be served with process by serving its registered agent for service of process, Carver L. Henry, at its registered office, 3003 South Loop West, Suite 330, Houston, Texas 77054, or wherever Carver L. Henry may be found. Henry acted at all relevant times through its agents, attorneys, and/or employees.

1-CIT

## Jurisdiction

8.    The court has general jurisdiction, and in the alternative specific jurisdiction, over Midland Credit because, upon information and belief, (1) it has routinely and purposefully done business in the State of Texas, (2) it committed a tort in whole or in part in Texas against a Texas resident, and/or (3) its minimum contacts with the State of Texas are sufficient that substantial justice and fair play allow Texas state courts to exercise jurisdiction over it.

9.    The court has general jurisdiction, and in the alternative specific jurisdiction, over Hosto because, upon information and belief, (1) it has routinely and purposefully done business in the State of Texas, (2) it committed a tort in whole or in part in Texas against a Texas resident, (3) it maintains a registered agent for service of process in Texas, and/or (4) its minimum contacts with the State of Texas are sufficient

that substantial justice and fair play allow Texas state courts to exercise jurisdiction over it.

10.    The court has general jurisdiction, and in the alternative specific jurisdiction, over Wolpoff because, upon information and belief, (1) it has routinely and purposefully done business in the State of Texas, (2) it committed a tort in whole or in part in Texas against a Texas resident, (3) it maintains a registered agent for service of process in Texas, and/or (4) its minimum contacts with the State of Texas are sufficient that substantial justice and fair play allow Texas state courts to exercise jurisdiction over it.

11.    The court has general jurisdiction over Taylor because it is a Texas professional corporation.

12.    The court has general jurisdiction over Henry because it is a Texas professional corporation.

<u>Venue</u>

13.    Venue is proper in Dallas County.  Specifically, venue is mandatory in Dallas County because it is the county where (1) all or a substantial part of the events or omissions giving rise to the claims occurred; (2) the county in which Hosto has its principal office in Texas; and/or (3) the county in which Wolpoff has its principal office in Texas.

Factual Allegations

14.     Midland Credit, as plaintiff, through its attorney, Hosto, Wolpoff, Taylor, or Henry sued each respective Plaintiff (except Stanley J. Glynn) seeking to collect a respective debt which Midland Credit alleged was owed by each respective Plaintiff. Midland Credit explicitly or implicitly alleged that it had purchased such debts from the original creditors and/or another company, or it sued as plaintiff attempting to collect a debt which was not owed to it.  Upon information and belief, Midland Credit and its attorney knew that Midland Credit was not and had never been the owner nor holder of the debts on which Midland sued.  Upon information and belief, Midland Credit sold Stanley J. Glynn's account to Great Seneca Financial Corporation ("Great Seneca") even though Midland Credit did not own the account.  Great Seneca then sued Mr. Glynn through its attorney Hosto.

15.     Those Plaintiffs which Midland Credit sued (or in Mr. Glynn's case, upon information and belief, took action resulting in him being sued) through Midland Credit's attorney Hosto are listed in Exhibit A, which is attached to and incorporated into this petition by reference as if it were fully set forth herein.  The attorney in charge for each respective Plaintiff in Exhibit A is listed in that exhibit, pursuant to Texas Rule of Civil Procedure 8.  Therefore, pursuant to Rule 8, all communications from the court or other counsel with respect to this suit and each respective Plaintiff shall be sent to each respective attorney in charge.  The remaining attorneys listed in this pleading are co-counsel with each such respective attorney in charge.

16.     Those Plaintiffs which Midland Credit sued through Midland Credit's attorney Wolpoff are listed in Exhibit B, which is attached to and incorporated into this

petition by reference as if it were fully set forth herein. The attorney in charge for each respective Plaintiff in Exhibit B is listed in that exhibit, pursuant to Texas Rule of Civil Procedure 8. Therefore, pursuant to Rule 8, all communications from the court or other counsel with respect to this suit and each respective Plaintiff shall be sent to each respective attorney in charge. The remaining attorneys listed in this pleading are co-counsel with each such respective attorney in charge.

17.    Those Plaintiffs which Midland Credit sued through Midland Credit's attorney Taylor are listed in Exhibit C, which is attached to and incorporated into this petition by reference as if it were fully set forth herein. The attorney in charge for each respective Plaintiff in Exhibit C is listed in that exhibit, pursuant to Texas Rule of Civil Procedure 8. Therefore, pursuant to Rule 8, all communications from the court or other counsel with respect to this suit and each respective Plaintiff shall be sent to each respective attorney in charge. The remaining attorneys listed in this pleading are co-counsel with each such respective attorney in charge.

18.    Those Plaintiffs which Midland Credit sued through Midland Credit's attorney Henry are listed in Exhibit D, which is attached to and incorporated into this petition by reference as if it were fully set forth herein. The attorney in charge for each respective Plaintiff in Exhibit D is listed in that exhibit, pursuant to Texas Rule of Civil Procedure 8. Therefore, pursuant to Rule 8, all communications from the court or other counsel with respect to this suit and each respective Plaintiff shall be sent to each respective attorney in charge. The remaining attorneys listed in this pleading are co-counsel with each such respective attorney in charge.

19.    Midland Credit and its respective applicable attorneys, as indicated in the above-referenced attached respective exhibits, have caused each respective Plaintiff to suffer damages. Each respective Plaintiff is also entitled to recover attorneys' fees and costs.

<u>Cause of Action for Violation of Chapter 392 of the Texas Finance Code</u>

20.    In the alternative, without waiving any of the other causes of action pled herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Midland Credit and Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) are liable to the Plaintiff for violating portions of the Texas Finance Code applicable to the collection of consumer debts. Midland Credit and Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) acted as debt collectors and/or third-party debt collectors when attempting to collect a consumer debt from the Plaintiff-consumers, as such terms are defined in Texas Finance Code Section 392.001. Midland Credit and Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) violated at least the following sections and paragraphs of the Texas Finance Code:

Section 392.304 by using a fraudulent, deceptive, or misleading representation that employs one or more of the following listed practices:

(8)   misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; and/or

(19)   using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

Further, upon information and belief, Midland Credit violated section 392.306 by continuing to use Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) as debt collectors when Midland Credit had actual knowledge that Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) repeatedly or continuously engaged in acts or practices that are prohibited by Chapter 392 of the Texas Finance Code.  Each respective Plaintiff is also entitled to recover attorneys' fees and costs.

<u>Cause of Action pursuant to the California Rosenthal Act</u>

21.   In the alternative, without waiving any of the other causes of action pled herein, without waiving any procedural, contractual, statutory, or common law right, and incorporating all other allegations herein to the extent that they are not inconsistent with the cause of action pled here, Midland Credit is liable to the Plaintiffs for violating the California Rosenthal Act (the "Rosenthal Act").  Midland Credit acted as a debt collector attempting to collect a debt, as such terms are defined in the Rosenthal Act.  Further, Midland Credit engaged in attempting to collect a consumer debt, as such terms are defined in the Rosenthal Act.  Midland Credit violated section 1788.13(i) and (k) of the Rosenthal Act.  Midland Credit's actions caused the Plaintiffs to suffer actual damages.

Further, due to Midland Credit's willful and/or knowing violations of the Rosenthal Act, Midland Credit is liable to each Plaintiff for statutory penalties of not less than $100.00 nor greater than $1,000.00. Finally, Midland Credit is liable for the costs of this suit and reasonable attorneys' fees. The remedies sought pursuant to the Rosenthal Act are cumulative and are in addition to any other remedies which the Plaintiffs are seeking in this case.

Cause of Action Pursuant to Chapter 12 of the<br>Texas Civil Practice & Remedies Code

22. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Midland Credit and/or Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) are liable to one or more Plaintiffs for violating Chapter 12 of the Civil Practice & Remedies Code. Midland Credit and/or Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) made, presented, or used a document or other record with (1) knowledge that the document or other record was a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) intent that the document or record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Texas Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and (3) intent

to cause another person to suffer financial injury and/or mental anguish or emotional distress. Midland Credit and/or Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) are each liable to one or more Plaintiffs for the greater of $10,000.00 or actual damages caused by the violation of Chapter 12. Midland Credit and/or Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) are also liable for court costs, reasonable attorneys' fees, and exemplary damages.

### Cause of Action for Unreasonable Collection Efforts

23.    In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Midland Credit and Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) are liable to the Plaintiffs for their unreasonable collection efforts. The Plaintiffs have a right to be free from unreasonable and wrongful collection efforts. *See, e.g., Moore v. Savage*, 359 S.W.2d 95 (Tex. Civ. App.—Waco 1962, writ ref'd n.r.e). Midland Credit's and Hosto's/Wolpoff's/Taylor's/Henry's (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) collection efforts were unreasonable and wrongful. Midland Credit's and Hosto's/Wolpoff's/Taylor's/Henry's (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) unreasonable collection efforts proximately caused the Plaintiffs to suffer injury.

### Joint and Several Liability

24.    In the alternative, without waiving any of the other causes of action or requests herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the claim pled here, the Midland Credit and Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) caused the Plaintiffs to suffer indivisible damages.  Accordingly, Midland Credit and Hosto/Wolpoff/Taylor/Henry (as indicated by Exhibit A, B, C, or D in the text above referencing each such respective exhibit) are jointly and severally liable for all such damages described herein.

### Exemplary Damages

25.    Exemplary damages should be awarded against the Defendants because the harm with respect to which the Plaintiffs seek recovery of exemplary damages resulted from fraud and/or gross negligence (which means that the Defendants' acts and/or omissions (i) when viewed objectively from the Defendants' standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that the Defendants had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

### Jury Demand

26.    The Plaintiffs demand a jury trial and have tendered the appropriate fee.

<u>Request for a Record</u>

27.     Pursuant to Texas Government Code section 52.046, the Plaintiffs request that an official court reporter attend and make a full record of all hearings in this case.

<u>Request for Disclosure</u>

28.     Pursuant to Rule 194, the Defendants are requested to disclose, within 50 days after service of this request, the information or material described in Rule 194.2.

<u>Prayer</u>

29.     For these reasons, the Plaintiffs ask that the Defendants be cited to appear and answer, and that the Plaintiffs respectively have judgment for damages within the jurisdictional limits of the court and against the Defendants, jointly and severally, as legally applicable and as described above, for:

a)     actual damages;

b)     Chapter 12 of the Civil Practice and Remedies Code statutory damages (if greater than actual damages available under that statute);

c)     exemplary damages;

d)     pre-judgment and post-judgment interest at the highest legal rate;

e)     legally-available reasonable and necessary attorneys' fees;

f)     costs; and

g)     all other relief, general and special, legal and equitable, to which the Plaintiffs are entitled.

Respectfully submitted,

Law Offices of Dean Malone, P.C.

By: _____
        T. Dean Malone

T. Dean Malone
Texas State Bar No. 24003265
Michael T. O'Connor
Texas State Bar No. 24032922
900 Jackson Street
Suite 730
Dallas, Texas 75202
Telephone:      (214) 670-9989
Telefax:         (214) 670-9904


Frenkel & Frenkel, LLP
Mark D. Frenkel
Texas State Bar No. 00784083
12700 Park Central Drive, Suite 1900
Dallas, Texas  75251-1508
Telephone:      (214) 333-3333
Telefax:         (214) 265-9360

Attorneys for the Plaintiffs

**Plaintiffs With Claims Against Midland Credit Management, Inc.
and Hosto and Buchan, P.L.L.C.**

Plaintiffs for whom T. Dean Malone is the Attorney in Charge:

Alvarez, Leticia
Bardwell, Robert
Bouldin, William
Ford, Charolette
Glynn, Stanley J.
Hodge, Georgette
Mason, Ann
Morse, Merry
Pimentiel, Salatiel
Sanders, Roy

Plaintiffs for whom Michael T. O'Connor is the Attorney in Charge:

Algermissen, Henry
Cerda, Javier
Coleman, Lesa
Ehimwonzee, Courage
Hardy, Laura
Hyde, Diane
Langley, Loyd
Richardson, Marshall
Rodriguez, Julian
Sanchez, Bartola
Travieso, Janie

Plaintiffs for whom Mark D. Frenkel is the Attorney in Charge:

Aburto, Genaro
Bellew, William
Betties, Jr., Arthur
Chapman, Carla
Cummings, Vivian
Hedrick, Robert
Johnson, Carlius
Johnson, Debra
Jolly, Jullien
Manning, Carl
Morales, Sherri

Exhibit A – Page 1 of 2

Odom, Judith
Penrose, Virginia
Sheffield, Ronnie
Wyatt, Sr., Bobby

**Plaintiffs With Claims Against Midland Credit Management, Inc.
and Wolpoff & Abramson, L.L.P.**

Plaintiffs for whom T. Dean Malone is the Attorney in Charge:

    Beals, Margaret
    Caesar, Gwendolyn Y.
    Fling, Michelle
    Hardisty, George
    LeBron, Jorge L.
    Moin, Delores
    Powell, Frank L.
    Sterling, Kenneth
    Williams, Patricia



Plaintiffs for whom Michael T. O'Connor is the Attorney in Charge:

    Carter, Bob W.
    Corey, Leo
    Sanford, Virginia
    Sedam, Keith
    Sedam, Shirley
    Stotts, Brenda
    Tigner, Jean
    Walling, Ellen

Plaintiffs for whom Mark D. Frenkel is the Attorney in Charge:

    Clark, Annie
    Dorsaint, Jocelin
    Garris, Edward
    Johann, Mike
    King, Retha
    Methvin, Derrill
    Muth, Daniel
    Nunley, Sean J.
    Obermann, Gay L.
    Schlott, Rachel
    Smith, Charles
    Stephens, Mattie
    Tate, Lakeshia
    Tran, Hau
    Williams, Beverly

Williams, Laura
Williams, Prennis

**Plaintiffs With Claims Against Midland Credit Management, Inc.
and Jay A. Taylor, P.C.**

Plaintiffs for whom T. Dean Malone is the Attorney in Charge:

      Barnard, Gene

Plaintiffs for whom Michael T. O'Connor is the Attorney in Charge:

      Broaden, Jr., Willie
      Philabaun, Onie H.
      Thornton, Lloyd

Plaintiffs for whom Mark D. Frenkel is the Attorney in Charge:

      Eglin, Roxie
      Lindsey, Eric

Exhibit C – Page 1 of 1

**Plaintiffs With Claims Against Midland Credit Management, Inc.
and Henry McDonald & James, P.C.**

Plaintiffs for whom T. Dean Malone is the Attorney in Charge:

    None

Plaintiffs for whom Michael T. O'Connor is the Attorney in Charge:

    None

Plaintiffs for whom Mark D. Frenkel is the Attorney in Charge:

    Booker, Barbara
    Boysen, Rick

Exhibit D – Page 1 of 1

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**CITATION**

No.: **DC-08-00840**

**ATTY**

**ANN MASON, ETAL**
**vs.**
**MIDLAND CREDIT**
**MANAGEMENT INC, ETAL**

To:

**HOSTO AND BUCHAN, P.L.L.C.**
**BY SERVING ITS REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**350 N. ST. PAUL STREET**
**DALLAS, TEXAS 75201**

GREETINGS:

ou have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **ANN MASON, ETAL**

Filed in said Court **on this the 25TH DAY OF MARCH, 2008** against

**MIDLAND CREDIT MANAGEMENT, INC., ETAL**

For suit, said suit being numbered **DC-08-00840**, the nature of which demand is as follows: Suit On COMMERCIAL DISPUTE etc. as shown on said petition, a copy of which accompanies this ___tion. If this citation is not served, it shall be returned unexecuted.

**WITNESS: GARY FITZSIMMONS**, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **25th day of March, 2008**

ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County, Texas.

By _____

**JO ANN GARDNER**, _____, Deputy



**FILED**
2008 APR 11 PM 12: 07

**ISSUED**
**on this the 25th day of March, 2008**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **JO ANN GARDNER**, Deputy

Attorney for Plaintiff

**T DEAN MALONE**
**FOUNDERS SQUARE #730**
**900 JACKSON STREET**
**DALLAS, TX 75202**
**214/670-9989**

DALLAS COUNTY CONSTABLE
FEES
FEES NOT
PAID

**OFFICER'S RETURN**

Came to hand on the ___28th___ day of ___March___ , ___2008___ , at ___4___ o'clock ___P___ .M. Executed at ___350 N St Paul St #2700 Dallas TX 75201___ within the County of ___Dallas___ at ___11:02___ o'clock ___A___ .M. on the ___31st___ day of ___March___ , ___2008___ , by delivering to the within named ___Hosto & Buchan PLLC  by delivering  to  its  registered  agent Ct Corporation  and  accepted  by  Shirley Dillon___

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.



|  |  |  |
|---|---|---|
| For serving Citation | $ | ___6___ |
| For mileage | $ | ___1___ |
| For Notary | $ | ___1___ |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said ___Joel  Malone___

to certify which witness my hand and seal of office.

___[signature]___
of ___Dallas___ County, TX
By ___Joel  Malone    SCI575___ , Authorized Person
**Deputy**

before me this ___3rd___ day of ___April___ , ___2008___ ,

___[signature]  Dicki Jean Forehand___
Notary Public ___Dallas___ County ___TX___

DICKI JEAN FOREHAND
Notary Public, State of Texas
My Commission Expires
May 20, 2009