IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENARA ABURTO, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-1473-K |
| | § | |
| MIDLAND CREDIT MANAGEMENT, INC., RLI INSURANCE COMPANY, HOSTO AND BUCHAN, P.L.L.C., WESTERN SURETY COMPANY, MELVIN THATHIAH, MANN BRACKEN, LLC (successor by merger to Wolpoff & Abramson, LLP), TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, JAY A. TAYLOR, P.C., UNIVERSAL SURETY OF AMERICA, JAY A. TAYLOR, and HENRY MCDONALD & JAMES, P.C., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This case was removed to this Court by Defendant Midland Credit Management, Inc. on the basis of the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d). Thereafter, Plaintiffs moved the Court to remand the case to state court. The Court denied Plaintiffs' Motion to Remand to State Court on July 27, 2009. In that opinion and order, the Court concluded, among other things, that this case with 154 Plaintiffs was a "mass action" as defined in CAFA. As such, the Court properly had subject matter

jurisdiction because the case involved the claims of 100 or more people proposed to be tried jointly because they involve common questions of law or fact, the amount in controversy as a whole exceeds $5 million, and minimal diversity of citizenship exists. 28 U.S.C. § 1332 (d)(11)(B)(I).

Since the Court issued its opinion and order, seventy-eight (78) Plaintiffs have filed stipulations of dismissal with prejudice as to their claims against Defendants. (Doc. Nos. 38, 45, 48, 49). As of this date, only seventy-six (76) Plaintiffs remain with claims pending against Defendants. Consequently, this case no longer falls within the definition of a "mass action", and the Court no longer has subject matter jurisdiction over this case. *See Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 230 (5th Cir. 1990)(court must inquire into whether or not subject matter jurisdiction exists on own motion). Accordingly, the Court must remand this case to the 191st Judicial District Court, Dallas County, Texas. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded."). Defendants' Motion to Compel Mediation (Doc. No. 43) is hereby **DENIED as moot**.

**SO ORDERED.**

Signed September 30th, 2009.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 2