IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GENARA ABURTO, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:08-CV-1473-K |
| MIDLAND CREDIT MANAGEMENT, INC., RLI INSURANCE COMPANY, HOSTO AND BUCHAN, P.L.L.C., WESTERN SURETY COMPANY, MELVIN THATHIAH, MANN BRACKEN, LLC (successor by merger to Wolpoff & Abramson, LLP), TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, JAY A. TAYLOR, P.C., UNIVERSAL SURETY OF AMERICA, JAY A. TAYLOR, and HENRY MCDONALD & JAMES, P.C., | § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before this Court is the Plaintiffs' Motion to Reinstate and Modify the Court's September 30, 2009 Remand Order (Doc. No. 61).  Because only state law claims remain, the Court declines to exercise supplemental jurisdiction and **GRANTS** Plaintiffs' motion.

This case was removed to this Court by Defendant Midland Credit Management, Inc. on the basis of the Class Action Fairness Act ("CAFA").  *See* 28 U.S.C. § 1332(d).

ORDER – PAGE 1

Thereafter, Plaintiffs moved the Court to remand the case to state court. The Court denied Plaintiffs' Motion to Remand to State Court on July 27, 2009. In that opinion and order, the Court concluded, among other things, that this case with 154 Plaintiffs was a "mass action" as defined in CAFA. As such, the Court properly had subject matter jurisdiction because the case involved the claims of 100 or more people proposed to be tried jointly because they involve common questions of law or fact, the amount in controversy as a whole exceeds $5 million, and minimal diversity of citizenship exists. 28 U.S.C. § 1332 (d)(11)(B)(I). After that opinion and order was issued, seventy-eight (78) Plaintiffs filed stipulations of dismissal with prejudice as to their claims against Defendants. (Doc. Nos. 38, 45, 48, 49), which left only seventy-six (76) remaining Plaintiffs with claims pending against Defendants. The Court *sua sponte* remanded the case to state court on September 30, finding CAFA was no longer applicable and the Court did not have subject matter jurisdiction. Because the Court's July 27 order denying remand was on appeal at the time, the Fifth Circuit voided this Court's September 30 order, but did not speak to the merits of it. In the same order, the Fifth Circuit withdrew its permission for Plaintiffs to appeal the July 27 order and dismissed the interlocutory appeal. Subsequently, the Plaintiffs filed this motion to reinstate and modify the Court's September 30 remand order.

The effect of seventy-eight Plaintiffs (which is now at seventy-nine, with the dismissal dated November 9) dismissing their claims against Defendants was to nullify

ORDER – PAGE 2

the CAFA status of this case; the CAFA minimal diversity requirements can no longer be satisfied. Therefore, all that remains are the state law claims of the Plaintiffs.

Supplemental jurisdiction is discretionary, not a party's right. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). When federal claims are dismissed before trial, particularly in the early stages of the case, and state law claims are all that remain, the balance of factors the court considers under the doctrine of supplemental jurisdiction favor declining jurisdiction; the court should decline jurisdiction and remand to the state court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see United Mine Workers*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004). This Court should consider the factors set forth in 28 U.S.C. § 1367(c) as well as judicial economy, convenience, fairness, and comity. *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

Taking into account all the relevant factors, the Court declines to exercise supplemental jurisdiction and remands the case. CAFA status no longer applies to this case since there remain fewer than 100 plaintiffs; the minimal diversity requirements cannot be met. And while this alone does not divest the Court of jurisdiction, it does leave only the state law claims. The Court has discretion to decline supplement jurisdiction for these pendent state law claims and chooses to do so. *See Carnegie-Mellon*, 484 U.S. at 350; *see also Braud v. Transport Service Co. of Ill.*, 445 F.3d 801, 808-09 (5th

Cir. 2006)(remand appropriate for case removed under CAFA where subsequent dismissal of defendant defeated minimal diversity requirements of CAFA, and dismissal not done simply to destroy diversity).  Accordingly, the Court remands this case to the 191st Judicial District Court, Dallas County, Texas.

**SO ORDERED.**

Signed December 16th, 2009.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 4